Sean SIMMONS, Plaintiff/Appellant,

v.

D.S.S., a minor and Michelle Moss, next friend, Defendant/Respondent.

No. ED 79998.

Missouri Court of Appeals, Eastern District, Division Three.

July 9, 2002.

Application for Transfer to Supreme Court Denied Aug. 22, 2002.

Dorian Amon, St. Louis, MO, for appellant.

Kathryn P. Taylor, St. Louis, MO, for respondent.

Before GARY M. GAERTNER, P.J., PAUL J. SIMON, J., and CLIFFORD H. AHRENS, J.

## *ORDER*

PER CURIAM.

Sean Simmons ("father") appeals from the judgment of the trial court determin-

ing that a docketed administrative order establishing his child support responsibility for minor child D.S.S. ("child") barred father from disputing his legal paternity. The trial court found that father's legal paternity was established by virtue of an affidavit form signed by father, a notice and finding of financial responsibility to which father did not respond, and most significantly, by the docketing of the unchallenged administrative order with the court on August 3, 1999. Thus, father was barred from challenging his paternity by the doctrines of collateral estoppel and res judicata, and his petition for declaration of nonpaternity and to recover child support allegedly fraudulently obtained was denied. On appeal, father contends that the court erred in its determination that he was barred from asserting nonpaternity and that the court erred in failing to recognize the conclusive nature of DNA testing. Additionally, father makes the assertion that he did not voluntarily sign an affidavit acknowledging paternity which thereafter gave rise to the presumption of paternity upon which the administrative order was founded.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment of the trial court is affirmed in accordance with Rule 84.16(b).